**In re Richard C. KING and Lynn C. King, Debtors.**

**Richard C. KING and Lynn C. King, Plaintiffs,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–1484–6P7. Adv. No. 88–297.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 30, 1989.

William Lawless, Altamonte Springs, Fla., for plaintiffs.

Mark Stier, U.S. Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case, and the matter under consideration is the dischargeability vel non of the liability for unpaid taxes of Richard C. King and Lynn C. King, the Debtors in the above-captioned Chapter 7 case. The liability alleged by the Government is the result of an audit of their tax return filed for the tax year 1978. In their Complaint, the Debtors seek a determination that the taxes claimed to be owed by them to the Government are dischargeable inasmuch as the obligation was not assessed within 240 days prior to the commencement of their Chapter 7 case. Based on this, the Debtors contend that none of the provisions of the Code which deal with exceptions to discharge of tax obligations, §§ 523(a)(1)(A)(1), (a)(1)(B)(i), (a)(1)(c), are applicable, therefore, whatever their tax liability might be, they are protected by the overall protective provisions of the general bankruptcy discharge.

The facts as established at the trial are basically without dispute and can be summarized as follows:

Mr. King is a professional golfer who lived in several cities during and before the period relevant to the issues involved in this adversary proceeding. In 1979 the Debtors sought and obtained an extension to file their income tax return for the calendar year 1978. The request for extension (Plaintiffs' Exh. No. 1) indicated the Debtors' address to be 16403 Hexham Drive, Spring, Texas. The return for the tax year was ultimately filed within the extended time in which the Debtors stated their address to be 16403 Hexham Drive, Spring, Texas, and indicated their tax liability in the amount of $3,990.00 (Plaintiff's Exh. No. 3). Thereafter, the Internal Revenue Service sought and obtained an agreement from the Debtors to extend the Statute of Limitation. The tax return of the Debtors was ultimately audited by the Internal Revenue Service and after audit, it was determined that the Debtors owed additional taxes in the amount of $24,580.00. On April 24, 1987, the Internal Revenue Service mailed what is commonly referred to as the "90–day letter" to the Debtors informing them of the result of the audit and the deficiency claimed by the IRS and the demand for payment (Defendant's Exh. No. 2). This 90–day letter was mailed to the Debtors to 3650 Miriam Drive, Titusville, Florida. It is without dispute that the Debtors did not live in Titusville at the time the 90–day letter was mailed, albeit they lived in Titusville for approximately one year, from October 1983 to October 1984. After the expiration of the 90 days, the Government actively embarked on collection process of the taxes allegedly owed by these Debtors as a result of the audit. It is intimated by the Debtors that they filed a petition in the tax court and challenged the validity of the Government's assessment on the ground that they had never received the 90–day letter which, by virtue of 26 U.S.C. § 6212(a) is condition precedent to making an assessment. Ironically, this is now precisely the position taken by the Government, who contends that its own assessment was legally invalid and actually never made inasmuch as that no 90–day letter was ever sent to these taxpayers. Based on the foregoing, it is the Government's contention that since no assessment was ever made, these taxes are not barred by the provisions of § 523(a)(1) and, therefore, they are nondischargeable. Of course, the Debtors now take the totally opposite position and contend that while it is true that when the 90–day letter was mailed by the IRS, they no longer lived in Titusville, nevertheless, that was their last known address by the Internal Revenue Service and that is exactly what the Statute requires. Based on this, they contend that the assessment was valid, that it was made outside of the 240 days and, therefore, their tax liability exists and is dischargeable and is not within any of their excepted provisions of § 523(a).

There is no question that these Debtors lived at several different addresses and it is almost impossible to determine from this record precisely where they lived at the time the 90–day letter was mailed. Be that as it may, however, it appears that the evidence tends to establish that the last known address to the Internal Revenue Service was the Titusville address and even if it was not, it now ill behooves the Government to contend otherwise, especially in light of the fact that nevertheless the Government embarked on an extensive and active collection effort to collect these taxes. For this reason, if for no other reason, the Government is now estopped to challenge their own procedure and contend that the assessment is invalid.

A separate Final Judgment will be entered in accordance with the foregoing with the declaration that the taxes allegedly owed by them for the tax of 1978 are dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a Final Judgment be, and the same is hereby, entered.

DONE AND ORDERED.